UNITED FURNITURE WORKERS OF AMERICA, AFL–CIO, and Local 402 Thereof

v.

MOHAWK FLUSH DOOR CORP.

Civ. A. No. 7747.

United States District Court
M. D. Pennsylvania.

Jan. 17, 1963.

Sidney G. Handler, Jack G. Handler, Jerome H. Gerber, Harrisburg, Pa., for plaintiff.

Jackson & Lewis, New York City, Sidney Apfelbaum, Sunbury, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff Union filed its Complaint against the Mohawk Flush Door Corp. (referred to in the Complaint as the Employer) seeking to compel arbitration of a grievance under the provisions of the collective bargaining agreement between the parties.

After Answer was filed, plaintiff filed its Motion for Summary Judgment. Defendant contends that there are issues of material facts and that the motion should be denied.

The facts are as follows:

On August 24, 1961, plaintiff, the United Furniture Workers of America, AFL-CIO, following an election conducted by the National Labor Relations Board on August 16, 1961, was certified by the National Labor Relations Board in accordance with the provisions of the Labor Management Relations Act as the exclusive representative of the production and maintenance employees of defendant at its Sunbury, Pennsylvania, plant, including truck drivers and leadmen, for the purposes of collective bargaining with defendant Employer. Thereafter the Union and Employer negotiated a collective bargaining agreement. It is undisputed that the agreement, a copy of which is made a part of the Complaint, was executed and delivered to the Union on March 16, 1962. The agreement provides that it "shall become effective as of February 1, 1962."

On April 27, 1961, the defendant employed Charles Allsbaugh as a production employee, and on May 10, 1961, it employed Walter Weigold as a production employee, and both employees were eligible to vote and did vote as employees of defendant in the August 16, 1961, National Labor Relations Board election. Whether they continued, quit, were laid off or were discharged, and if so, when, is a disputed question involved in the grievance. On March 12, 1962, the defendant posted a seniority list of its employees which did not contain the names of Allsbaugh and Weigold. A grievance (first grievance) in writing was filed with the defendant on March 19, 1962. On March 26, 1962,[1] defendant

1. The Answer is somewhat ambiguous as to whether defendant disputes this date.

hired two production employees, Elsesser and Bingaman. A second grievance was filed thereafter.

As to the employment, there are questions whether Allsbaugh and Weigold were on lay-off status and whether under the contract they had seniority and whether Elsesser and Bingaman had ever been employed before or were new employees. As to the time element with reference to the various procedural steps provided in the collective bargaining agreement, this likewise involves a dispute regarding the interpretation of the agreement as for example, the time limitation to be applied to an occurrence on March 12, 1962, under an agreement providing that it shall "become effective as of February 1, 1962," but with negotiations not actually concluded and agreement signed until March 16, 1962.

Defendant contends there is no genuine grievance to submit to arbitration and that there has not been compliance with the various steps preceding arbitration. In United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960), the Supreme Court said:

> "The Congress, however, has by § 301 of the Labor Management Relations Act, assigned the courts the duty of determining whether the reluctant party has breached his promise to arbitrate. For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Yet, to be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration, the judicial inquiry under § 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made. An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

In United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 567–568, 80 S.Ct. 1343, 1346–1347, 4 L.Ed.2d 1403, the Supreme Court likewise pointed out:

> "The collective agreement calls for the submission of grievances in the categories which it describes, irrespective of whether a court may deem them to be meritorious. In our role of developing a meaningful body of law to govern the interpretation and enforcement of collective bargaining agreements, we think special heed should be given to the context in which collective bargaining agreements are negotiated and the purpose which they are intended to serve. See Lewis v. Benedict Coal Corp., 361 U.S. 459, 468, [80 S.Ct. 489, 4 L.Ed.2d 442]. The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for."

■ The present collective bargaining agreement (Article X, Section 1) defines a grievance "as a difference, dispute, complaint or misunderstanding regarding the interpretation of, or compliance with the provisions of this agreement." There can be no doubt that the matters raised in the present Complaint constitute a grievance under the agreement "precisely suited to the arbitration process under the agreement that the parties have made," International Molders and Foundry Workers Union of North Amer-

ica, Local 239, AFL-CIO v. Susquehanna Casting Co., Inc., 3 Cir., 283 F.2d 80, 81 (1960).

Equally without merit is defendant's contention that this Court must first determine whether the grievance was timely filed and in compliance with the procedural requirements of the agreement. In Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 3 Cir., 283 F.2d 93, 96 (1960), the same objection was presented and the Court said:

"This, too, is for the arbitrator. Were the circumstances under which the notice was not given such as to excuse the procedural requirement that it should be given? That is a question arising out of the contract and is part of the arbitrator's task to answer."

And again in Radio Corporation of America v. Association of Professional Engineering Personnel, et al., 3 Cir., 291 F.2d 105, 110 (1961), the Court said:

"The one other point requiring comment is the contention of RCA that under the provisions of the contract, the present grievance is not timely. This court has ruled very recently that such a question is itself a matter of contract interpretation for decision by the arbitrator. International Tel. & Tel. Corp. v. Local 400, supra [3 Cir., 286 F.2d 329 (1960)]. We adhere to that position."

As indicated, those facts which are disputed are matters to be decided by the arbitrator. That there is a grievance within the meaning of the collective bargaining agreement, as to which plaintiff is entitled to compel arbitration, is clear, and plaintiff's Motion for Summary Judgment must be granted. Order will be entered accordingly.

## ORDER

NOW, January 17, 1963, in accordance with Opinion this day filed, It is Ordered and Decreed that the plaintiff's Motion for Summary Judgment with regard to the matter of specific performance of the arbitration clause of the collective bargaining agreement be, and same hereby is, granted.

And it is accordingly Ordered and Decreed as follows:

The defendant is hereby directed to specifically perform the collective bargaining contract by complying with the provisions set forth in Step 4 in Section 2 of Article X thereof, and in order that it shall assure compliance herewith, shall do the following:

The grievances shall forthwith be referred to a Board of Arbitration in accordance with Step 4.

Notice of intention to arbitrate having already been given by the Union to the Company, the plaintiff and the defendant shall forthwith and within seven (7) days of the date hereof choose their respective members to the Board of Arbitration and notify the other party of the name and address of the member thus chosen in writing to be delivered to the counsel for the respective parties.

Should the plaintiff fail to choose a representative to the Board of Arbitration in accordance with this Order, it shall be deemed to have waived its grievances.

Should the defendant fail to choose a representative to the Board of Arbitration in accordance with this Order, the matter shall be submitted to an arbitrator which shall be selected by the American Arbitration Association at the request of the plaintiff to said Association.

In the event that the representatives of the parties on the Board of Arbitration are unable to agree upon a third member within fourteen (14) days from the date hereof, the third member shall be selected by the American Arbitration Association at the request of either party to said Association.

The arbitration and any award entered in this matter shall be pursuant to the provisions of Step 4 of Section 2 of Article X of the collective bargaining agreement between the plaintiff and the defendant, and the defendant shall present any contentions, claims or defenses

which it desires to make or assert to the Board of Arbitration or the arbitrator in the arbitration proceedings to be conducted by it or him pursuant to this Order, and should either the plaintiff or defendant fail to appear before the Board of Arbitration or arbitrator, it, or he, shall nevertheless take the proof of the party appearing and render an award thereon.